**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTINE VON DRASEK and BRIAN VON DRASEK, | |
| Plaintiffs, | Case No. : |
| v. | **Trial by Jury Demanded** |
| STONEGATE INSURANCE COMPANY, UNIQUE INSURANCE COMPANY, and PRODUCERS NATIONAL CORP., | |
| Defendants. | |

**COMPLAINT**

COME NOW the Plaintiffs, CHRISTINE VON DRASEK and BRIAN VON DRASEK, by their attorneys The Case Law Firm, LLC, and for their Complaint against the Defendants state as follows:

**Introduction**

1.    This action arises under Title VII of the Civil Rights Act, 42 U.S.C. 2000 (hereinafter "Title VII") and the Employee Retirement Income Security Act, 29 U.S.C. 1001 et seq. (hereinafter "ERISA").

**Jurisdiction & Venue**

2.    Jurisdiction is conferred on this Court by the above-named statutes, as well as by 28 U.S.C. § 1331.  Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

**Factual Allegations**

3.    Plaintiff Christine Von Drasek ("Ms. Von Drasek") is a citizen of the United

States and was, at all relevant times, a resident of Newark, Illinois.

4.    Plaintiff Brian Von Drasek ("Mr. Von Drasek") is a citizen of the United States and was, at all relevant times, a resident of Newark, Illinois.

5.    At all relevant times, Plaintiffs were eligible employees as defined by the aforementioned statutes.

6.    Defendant Stonegate Insurance Company ("Defendant Stonegate") is an unregistered business entity doing business in Chicago, Cook County, Illinois.

7.    Defendant Unique Insurance Company ("Defendant Unique") is an unregistered business entity doing business in Chicago, Cook County, Illinois.

8.    Defendant Producer's National Corporation ("Defendant PNC") is an Illinois corporation, registered and doing business in Chicago, Cook County, Illinois.

9.    At all relevant times, Defendants Stonegate and Unique operated as a joint employer and integrated enterprise and were wholly owned and operated by Defendant PNC. Defendants were employers as defined by the aforementioned statutes.

10.   Plaintiffs began working for Defendants in or around January of 2011 when Ms. Von Drasek was hired as Defendant Stonegate's Marketing Representative and Mr. Von Drasek was hired as Defendant Stonegate's Marketing Manager.

11.   Throughout their employment, Plaintiffs always met and/or exceeded Defendants' expectations.

## Ms. Von Drasek Becomes Pregnant and Defendants Terminate Plaintiffs

12.   In or around June of 2012, Ms. Von Drasek became pregnant with her first child and, starting in or around July of 2012, she began to disclose her pregnancy to her coworkers.

13.   In or around mid-October 2012, Mr. Von Drasek (who was already enrolled in

2

Defendants' health insurance plan), submitted an application to have Ms. Von Drasek added to his health insurance policy beginning on November 21, 2012 under a family enrollment. Mr. Von Drasek indicated that Ms. Von Drasek was pregnant on that application by completing a pregnancy endorsement.

14.     On or around October 18, 2012, Lucas Szybalski, Defendants' IT professional and a close personal friends of Defendants' owner Matt Dutkanych, informed Ms. Von Drasek that he had heard that she was pregnant and asked if it was true. Ms. Von Drasek replied affirmatively and Mr. Szybalski then asked her whether she intended to take maternity leave and how long she intended to be out of work after delivering her baby. Ms. Von Drasek answered truthfully that she planned to take maternity leave but had not yet decided for how long. She asked Mr. Syzbalski whether he knew if Defendants offered paternity leave.

15.     Later in that conversation, Mr. Szybalksi took out a calendar and asked Ms. Von Drasek when exactly her baby was due so that he could mark it on the calendar. Ms. Von Drasek became uncomfortable with the nature of his questions given that Mr. Szybalksi did not have any responsibility for scheduling employee leaves of absence and so she left the room without identifying her due date.

16.     Less than one month later, on or around November 2, 2012, Mr. Dutkanych terminated Plaintiffs, alleging that he was "making some changes" around the office and that Defendant Stonegate no longer needed a marketing department. Plaintiffs were the only members of the marketing department at that time.

17.     Mr. Dutkanych did not consult Defendant Stonegate's President before deciding to terminate Plaintiffs or eliminating the marketing department.

18.     After Defendants terminated Plaintiffs, Defendant Stonegate continued to

advertise the existence of a marketing department via the company's website and identified online three men who had assumed Plaintiffs' roles.

19.     Ms. Von Drasek was visibly pregnant at the time of Plaintiffs' termination.

### Exhaustion of Administrative Pre-Requisites

20.     On March 11, 2013, Plaintiffs filed Equal Employment Opportunity Commission ("EEOC") charges alleging gender, pregnancy, and family responsibility discrimination on behalf of Ms. Von Drasek and associational gender, pregnancy, and family responsibility discrimination on behalf of Mr. Von Drasek.  Attached as group Exhibit A are copies of the EEOC Charges.

21.     That same day, Plaintiffs also filed charges with the Illinois Department of Human Rights ("IDHR") making similar allegations.  Those charges were subsequently cross-filed with the EEOC.  Attached as group Exhibit B are copies of the cross-filed IDHR Charges.

22.     On March 25, 2013, the EEOC administratively closed Plaintiffs' original EEOC charges and allowed the IDHR to proceed with investigating the cross-filed charges.  Attached as group Exhibit C are notices of those administrative closures.

23.     On March 3, 2014, the IDHR issued notices of dismissal for the cross-filed charges.

24.     Subsequently, Plaintiffs requested that the EEOC issue notices of right to sue and Plaintiffs received those notices on April 3, 2014.  Attached as group Exhibit D are copies of those notices.

### COUNT I – GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

25.     Plaintiff Christine Von Drasek incorporates by reference the preceding paragraphs as though fully set forth in this Count I.

26.     Defendants intentionally discriminated against Plaintiff Christine Von Drasek on the basis of her gender, her pregnancy, and her family responsibilities in violation of Title VII when they terminated her without any legitimate, non-discriminatory reason.

27.     Defendants engaged in the aforesaid discriminatory act with malice and with reckless indifference to Plaintiff Christine Von Drasek's federally protected rights under Title VII.

28.     As a direct and proximate result of said acts, Plaintiff Christine Von Drasek has suffered loss of income and other employment benefits, emotional distress, and future lost income and benefits.

WHEREFORE, Plaintiff Christine Von Drasek respectfully requests that the Court award her the following relief:

A.     Enter a finding that she was subjected to gender discrimination in violation of the Title VII;

B.     Enter a finding that Defendants engaged in the gender discrimination with malice and reckless indifference for her rights under Title VII;

C.     Award her lost wages and benefits;

D.     Award her compensatory damages in an amount to be proven at trial;

E.     Award her punitive damages in an amount to be proven at trial;

F.     Award her attorneys' fees and costs; and

G.     Award her any such further relief the Court may deem just and equitable.

## COUNT II – ASSOCIATIONAL GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

29.     Plaintiff Brian Von Drasek incorporates paragraphs 1-24 as though fully set forth in this Count II.

5

30.     Defendants intentionally discriminated against Plaintiff Brian Von Drasek on the basis of his relation to and association with his wife, who is female and, at all relevant times, was pregnant with their first child in violation of Title VII when it terminated him without any legitimate, non-discriminatory reason.

31.     Defendants engaged in the aforesaid discriminatory acts with malice and with reckless indifference to Plaintiff Brian Von Drasek's federally protected rights under Title VII.

32.     As a direct and proximate result of said acts, Plaintiff Brian Von Drasek has suffered loss of income and other employment benefits, emotional distress, and future lost income and benefits.

WHEREFORE, Plaintiff Brian Von Drasek respectfully requests that the Court award him the following relief:

A.     Enter a finding that he was subjected to associational gender discrimination in violation of the Title VII;

B.     Enter a finding that Defendants engaged in the associational gender discrimination with malice and reckless indifference for his rights under Title VII;

C.     Award him lost wages in the form of back and front pay;

D.     Award him damages for lost employee benefits;

E.     Award him compensatory damages in an amount to be proven at trial;

F.     Award him punitive damages in an amount to be proven at trial;

G.     Award him attorneys' fees and costs; and

H.     Award him any such further relief the Court may deem just and equitable.

## COUNT III – INTERFERENCE WITH THE RIGHT TO ATTAIN EMPLOYEE BENEFITS IN VIOLATION OF ERISA

33.     Plaintiffs incorporate by reference paragraphs 1-24 as though fully set forth in this

6

Count III.

34.    Plaintiff Brian Von Drasek was a participant in an employee benefit plan as defined by ERISA.  Plaintiff Christine Von Drasek was a beneficiary of that same employee benefit plan as defined by ERISA.

35.    Plaintiffs attempted to exercise their rights under Defendants' employee benefit plan when Mr. Von Drasek submitted his application to add Ms. Von Drasek to his health insurance policy under a family plan.

36.    Defendants interfered with Plaintiffs' rights to attain such benefits in violation of ERISA when they terminated Plaintiffs' employment less than one month after Mr. Von Drasek submitted that application and just three weeks before Ms. Von Drasek's coverage was to begin.

37.    As a direct and proximate result of said acts, Plaintiffs have suffered loss of employment benefits.

WHEREFORE, Plaintiffs respectfully requests that this Court:

A.    Enter a finding that Defendants violated ERISA;

B.    Award them their benefits due under Defendants' employee benefit plan;

C.    Award them attorneys' fees and costs; and

D.    Award them any such further relief the Court may deem just and equitable.

## COUNT IV – RETALIATION FOR EXERCISING A RIGHT TO EMPLOYEE BENEFITS IN VIOLATION OF ERISA

38.    Plaintiffs incorporate by reference paragraphs 1-24 as though fully set forth in this Count IV.

39.    Plaintiff Brian Von Drasek was a participant in an employee benefit plan as defined by ERISA.  Plaintiff Christine Von Drasek was a beneficiary of that same employee benefit plan as defined by ERISA.

7

40.     Plaintiffs attempted to exercise their rights under Defendants' employee benefit plan when Mr. Von Drasek submitted his application to add Ms. Von Drasek to his health insurance policy under a family plan.

41.     Defendants retaliated against Plaintiffs in violation of ERISA when they terminated Plaintiffs' employment less than one month after Mr. Von Drasek submitted that application.

42.     As a direct and proximate result of said acts, Plaintiffs have suffered loss of employment and other great expense, including but not limited to loss of health insurance benefits.

WHEREFORE, Plaintiffs respectfully request that the Court:

A.     Enter a finding that Defendants violated ERISA;

B.     Award them their benefits due under Defendants' employee benefit plan;

C.     Award them attorneys' fees and costs; and

D.     Award them any such further relief that the Court may deem just and equitable.

### JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues herein.

CHRISTINE VON DRASEK, and
BRIAN VON DRASEK

By:  /s/ Kate Sedey
_____
One of Their Attorneys

Kristin M. Case
Kate Sedey
Kendra L. Kutko
The Case Law Firm, LLC
250 S. Wacker Dr., Ste. 230
Chicago, Illinois 60606

8

(312) 920-0400 phone
(312) 920-0800 fax
ksedey@thecaselawfirm.com